IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALISA BALLARD, | ) | CASE NO. 5:11 CV 2583 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is *pro se* plaintiff Alisa R. Ballard's request under 42 U.S.C.

§ 405(g) for judicial review of the denial of her application for disability insurance benefits

by the Commissioner of Social Security.[2] Specifically, the Commissioner now seeks an order

remanding this matter for additional administrative proceedings, including the opportunity

for a new hearing before an administrative law judge.[3] Ballard opposes the Commissioner's

motion and instead seeks a reversal of the Commissioner's earlier decision and immediate

---

[1] This matter was referred to me under Local Rule 72.2 by non-document order
entered on November 29, 2011, by United States District Judge Dan Aaron Polster.

[2] ECF # 1.

[3] ECF # 17.

award of benefits by this Court, with a remand to an Administrative Law Judge for the limited purpose of calculating the amount of such benefits.[4]

For the reasons that follow, I will recommend that the Commissioner's motion for remand be granted, and that the matter be remanded for further administrative proceedings along the lines as set forth here.

## Facts

For the purpose of adjudicating this motion, the relevant facts and arguments are neither extensive nor disputed.

Essentially, Ballard was deemed disabled and awarded benefits as of January 1, 2009, but her claim was denied for the prior years of 2006 through 2008 because the Administrative Law Judge (ALJ) found that during those years Ballard performed substantial gainful activity (SGA) as a self-employed attorney, receiving income of $11,261.00 in 2006 and $14,188.00 in 2008.[5] That decision gives rise to two major arguments here.

All parties concede that the ALJ in making this SGA finding "failed to consider any work-related expenses, or other deductions" from the gross receipts, and so erred in concluding that the entirety of Ballard's receipts for 2006 and 2008 were income.[6]

---

[4] ECF # 19.

[5] *See*, ECF # 17 at 1.

[6] ECF # 19 at 2.

To that point, Ballard argues here that she has already submitted evidence of expenses for monthly medical prescriptions, child care, and insurance co-pays sufficient to reduce her 2006 and 2008 incomes to an amount below the level of SGA for those years without the need for a further hearing.[7]

The Commissioner, for his part, contends first that this evidence of expenses was never before an ALJ, but was later submitted to the Appeals Council.[8] The Commissioner further argues that similar to the error in determining SGA for 2006 and 2008, the ALJ improperly found – from the evidence of those years – that Ballard should have been able to work at the same level for 2007, even though her actual receipts in that year amounted to only $5,147.00.[9] In sum, the Commissioner maintains that a remand is needed to have an ALJ consider the expense evidence for 2006 and 2008 and to permit an ALJ to continue the sequential evaluation process if he finds that Ballard did not have SGA for those years.

As to the second issue, the Commissioner asserts that a remand is needed so that Ballard's residual functional capacity finding can be re-evaluated to see if the RFC applicable to her post-2008 is equally valid for the period 2006 through 2008.[10] Moreover, even if the RFC as found was determined to apply to the period 2006 through 2008, the Commissioner notes that Ballard is a younger individual under the Social Security Act with

---

[7] *Id.* at 4.

[8] ECF # 17 at 2.

[9] *Id.*

[10] *Id*.

a legal education, and yet the ALJ did not seek testimony from a vocational expert as to what other jobs might exist in significant numbers that Ballard could perform even with her impairments.[11]

Ballard counters that the Commissioner has presented no evidence to contradict the RFC finding that she was disabled in 2009 and that this finding precluded her from working "in any other occupation."[12] In particular, she contends that the medical experts, which were given substantial weight by the ALJ, testified that she was limited to low stress tasks and that she could not work in a competitive environment.[13]

## Analysis

Sentence four of § 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

In that regard, the Sixth Circuit teaches that "[i]n cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."[14] Further, the Sixth Circuit also holds that a

---

[11] *Id.* at 2-3.

[12] ECF # 19 at 5.

[13] *Id*.

[14] *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

court can reverse the decision and immediately award benefits if all essential fact issues have

been resolved and the record adequately establishes a plaintiff's entitlement to benefits.[15]

The Court cannot, however, reverse and award benefits based on evidence placed in

the record for the first time after the ALJ's decision on review by the Appeals Council.

Where the Appeals Council considers new evidence but declines to review the claimant's

application on the merits, the district court can do no more than remand for further

proceedings in light of that evidence under sentence six of 42 U.S.C. § 405(g).[16]

Here the Appeals Council denied Ballard's request for review of the ALJ's decision.[17]

In support of that request, Ballard submitted a substantial amount of income and expense

documentation for the years 2006 through 2008[18] not before the ALJ.[19]

Ballard and the Commissioner now agree that this new evidence may justify a

different outcome on Ballard's application. Given that this evidence came into the record for

the first time on review by the Appeals Council, and the Appeals Council declined to review

Ballard's application on the merits, this Court must remand for further proceedings with

respect to the step one issue of SGA for years 2006 through 2008.

---

[15] *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

[16] *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007), citing and quoting *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

[17] ECF # 10 at 1-4.

[18] *Id.* at 5, 277-296.

[19] *Id.* at 21.

Ballard argues, nonetheless, that evidence in the record before the ALJ warrants a reversal in her favor on the issues of her RFC for years 2006 through 2008 and her inability to perform a significant number of jobs that existed in the national economy during that time period. The ALJ made no findings at step four or step five for the 2006 through 2008 time period.[20]

Regardless of whether the ALJ could, on the record before him, have made step four or step five findings, he did not. Because this case must be remanded for further proceedings on the step one SGA issue for 2006 through 2008, it should decline to decide the step four and step five issues for the time period *de novo*. Those issues are best first considered and decided by the ALJ on remand.[21]

## Conclusion

Based on the foregoing, I recommend that the Commissioner's decision to deny Ballard's application for disability insurance benefits be reversed and the case be remanded for further proceedings under sentence six of 42 U.S.C. § 405(g).

Dated:  November 27, 2012                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

_____

[20] *Id.* at 22, 24.

[21] *Potts v. Astrue*, No. 5:11 CV 2120, 2012 WL 5878859, at *2 (N.D. Ohio Nov. 21, 2012).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[22]

---

[22] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).