UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALISA BALLARD, | ) | Case No.  5:11 CV 2583 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, COMM'R OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Report & Recommendation of Magistrate Judge William H. Baughman, Jr. recommending that the Commissioner's decision to deny Plaintiff Alisa Ballard's application for Social Security disability insurance benefits be reversed and the case be remanded for further proceedings under sentence six of 42 U.S.C. § 405(g) ("R & R"). (Doc #: 20.)  The Court has reviewed the R & R, the Commissioner's objection (Doc #: 21), and the entire record and is prepared to issue its ruling.

I.

Plaintiff Alisa Ballard filed an application for Social Security disability insurance benefits (DIB) beginning January 1, 2006. After a hearing, the Administrative Law Judge ("ALJ") granted Ballard's application for DIB beginning January 1, 2009, but denied her application for DIB for years 2006 through 2008.   The ALJ ruled, at step one of the five-step sequential disability

evaluation process, that Ballard was not disabled from 2006 through 2008 because her *gross* income during those years exceeded the threshold for engaging in substantial gainful activity ("SGA").

Social Security Rule ("SSR") 83-34, upon which the ALJ relied for this ruling, addresses the question of whether a claimant who is self-employed has engaged in SGA over a twelve-month period.  SSR 83-34 sets forth a three-step test for making that determination.  At step one, the ALJ must decide whether the self-employed claimant has engaged in "significant work" involving "substantial income" during the years in question.  If it is a one-person operation, the work is deemed significant.  In determining substantial income, the ALJ must decide the claimant's *net* income (i.e., gross earnings less business and impairment-related work expenses) and then refer to a chart with threshold net-income amounts, above which a claimant is deemed to have engaged in SGA.  A finding that a claimant has engaged in SGA at step one of this process eviscerates the need to analyze steps two and three, as well as steps two through five of the disability analysis.

Both parties agree that the ALJ erred in reaching this ruling because he based his SGA finding for years 2006 and 2008 on Ballard's gross earnings, and just plain ignored the fact that her 2007 income was well below the threshold amount.  The parties differ, however, on the effect of this ruling.  Ballard asks the Court to reverse the unfavorable ruling, find her disabled for years 2006 through 2008, and remand the case to the ALJ for the sole purpose of calculating her DIB for years 2006 through 2008.  The Commissioner asks the Court to reverse the unfavorable ruling, remand the case to the ALJ to correct his error and finish the process for determining whether Ballard was disabled in years 2006 through 2008, and further develop and review

Ballard's residual functional capacity and ability to perform other work for the entire period at issue. According to the Commissioner,

> the physical restrictions found by the ALJ seem poorly supported – he relied on the testimony of a psychiatrist concerning her physical limitations and rejected the lesser restrictions opined by a state agency reviewing medical doctor. Even assuming the residual functional capacity as found by the ALJ, it is not clear that Plaintiff should have been found incapable of a significant number of other jobs. Plaintiff is a younger individual with a very good education and the ALJ did not seek vocational expert testimony about the types of other jobs she might be able to perform despite her impairments.

(Doc #: 21, at 4.)  Ballard is indignant with the Commissioner's position because, if it agreed with her that the ALJ erred in conducting with his SGA analysis, it should have supported her appeal at the agency level rather than allow the Appeals Council to rubber stamp the ALJ's ruling, wait for her to seek judicial review and then file a motion to remand.

The Magistrate Judge recommends that "the Commissioner's decision to deny Ballard's application for disability insurance benefits be reversed and the case be remanded for further proceedings under sentence six of 42 U.S.C. § 405(g)." (Doc #: 20, at 6 (emphasis added).)  The Commissioner objects to a sentence-six remand and notes that both parties agree that a remand under sentence four of § 405(g) is warranted, albeit for different reasons.

The Court held a teleconference on December 14, 2012 to discuss this matter with Alisa Ballard, who is representing herself in this case, and Attorneys Kathleen Midian and Cathy Seagle, who are representing the Commissioner.  The Court asked the Commissioner's counsel whether the Appeals Council, in addition to addressing the ALJ's unfavorable disability ruling for years 2006 through 2008, had the right to reopen the favorable disability ruling from 2009 forward.  Attorney Seagle stated that it had the right to reopen the entire ruling, but did not.  The

Court found that the Commissioner waived the ability to challenge the favorable ruling on remand.

## II.

Accordingly, the Court **REVERSES** the Commissioner's decision to deny Ballard's application for disability insurance benefits for years 2006 through 2008, **REMANDS** the case to the ALJ under sentence **four** of 42 U.S.C. § 405(g), and **DIRECTS** the ALJ to properly re-evaluate the evidence, including additional evidence, at step one of SSR 83-34 and to proceed through all steps of the disability analysis for years 2006 through 2008 only.

**IT IS SO ORDERED.**

**Dan Aaron Polster**
**United States District Judge**